### STATE v. WILLIE DEE LOYD.

233 N. W. 2d 558.

August 22, 1975—No. 44534.

536

*C. Paul Jones,* State Public Defender, and *Rosalie E. Wahl,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Gary W. Flakne,* County Attorney, and *Vernon E. Bergstrom* and *Michael H. McGlennen, A*ssistant County Attorneys, for respondent.

PER CURIAM.

Defendant was found guilty of aggravated robbery and aggravated assault, Minn. St. 609.245 and 609.225, and sentenced to a maximum term of 20 years in prison. He contends that the evidence of his identity was insufficient; that a lineup was impermissibly suggestive; and that the prosecutor was guilty of prejudicial misconduct. We affirm.

As to the issue of identity, the key prosecution witness informed the police shortly after the robbery that one robber closely resembled defendant's sister whom she knew. In addition, defendant was the same height and build as one of the robbers. There was also evidence that one of defendant's friends was also a friend of the person who owned the getaway vehicle. On this record, the evidence of identification was sufficient to support the verdict.

Defendant challenged the lineup on due process grounds, claiming alleged differences in skin color, height, and facial features of those who participated in it. We do not believe that the lineup was unduly suggestive. State v. King, 296 Minn. 306, 208 N. W. 2d 287 (1973). In any event, the key prosecution witness made an in-court identification of defendant based on sources independent of the lineup.

Defendant claims misconduct on the part of the prosecutor because he referred to a criminal history sheet during an exchange with defense counsel prior to defense counsel's cross-examination of a police witness. However, defense counsel did not object, and it was he who first informed the jury of defendant's record at the voir dire. Consequently, if there was prejudice it was not initiated by the prosecutor's statement.

Defendant made no objection to other claimed prosecutorial misconduct, and we find no occasion for extended discussion of that issue.

Affirmed.